```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/12/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

DERICK BIDDINGS,

                                             Plaintiff,

-against-

THE CITY OF NEW YORK, JACQUELINE GRANT,
SHARON LEACH, and DEBORAH PRINCE,

                                             Defendants.

------------------------------------------------------------------------ X

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

24 Civ. 1732 (AT)

**WHEREAS**, pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, plaintiff seeks certain documents and information from defendants pursuant to plaintiff's discovery demands in this action;

**WHEREAS**, defendants object to the production of such documents and information unless appropriate protection for their confidentiality is assured;

**WHEREAS,** defendants deem this information and these documents confidential, private, not accessible to the public, and when disclosed it is usually subject to a protective order, and/or subject to a law enforcement and/or governmental privileges and/or other applicable privileges;

**WHEREAS**, defendants submit that good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, including that the production of information or documents that defendants deem to (a) contain highly sensitive information, policies, procedures or other matters, if disclosed, could jeopardize individual, correctional or institutional safety, security or good order, (b) contain information that is confidential under state or federal law, or (c) contain information of a personal nature;

**WHEREAS,** good cause therefore exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorneys for plaintiff and defendants that documents and information shall be produced in accordance with the terms set forth below:

1. As used herein, "Action" shall mean the pending action captioned *Biddings v. City of New York et al*, 24-cv-1732 (AT).

2. As used herein, "Confidential Material" shall mean:

    (A) New York City Department of Correction ("DOC") employment/personnel related records;

    (B) Disciplinary-related records and records of investigations regarding the conduct of members of DOC conducted by DOC or any other governmental agency;

    (C) Non-public Directives, Operations Orders, and sections of the DOC Employee Rules and Regulations; and

    (D) Other documents and information that may in good faith, during the pendency of this litigation, be designated as Confidential Material by the parties or the Court.

3. As used herein, "Producing Party" shall mean the party requesting that a particular document or the information contained therein be deemed confidential, and "Receiving Party" shall mean any party in the Action who is not the "Producing Party," as defined herein, for that document or information.

4. The Producing Party shall designate documents Confidential Material by labeling such documents "Confidential" and/or by designating such documents by bates number in a writing directed to the Receiving Party's attorney.

5. Any documents provided by a third party in this Action, by request or pursuant to a subpoena, and that are designated as Confidential Material by the Producing Party shall be governed by the terms of this Confidentiality Stipulation and Protective Order.

6. The Producing Party shall have a reasonable time to inspect and designate as Confidential Material documents sought from third parties.

7. Nothing in this Confidentiality Stipulation and Protective Order shall be construed to limit a Producing Party's use of its own Confidential Material in any manner, or to limit the use of Confidential Material or their contents to the extent that they are publicly available or have been provided to a party through other lawful means, such as a FOIL request.

8. Nothing in the Confidentiality Stipulation and Protective Order shall be construed as an agreement to produce any category of discovery materials or as a waiver of any objection to the discoverability, relevance, or admissibility of any matter.

9. Nothing in this Confidentiality Stipulation and Protective Order shall limit a Producing Party's right to redact personal, confidential, or privileged information before producing any document to a Receiving Party, or a Receiving Party's right to challenge the propriety of such redactions.

10. A Receiving Party and that party's attorney shall not use the Confidential Material for any purpose other than for the preparation, evaluation, settlement or presentation of the claims or defenses in this action.

11. Attorneys for a Receiving Party shall not disclose the Confidential Material to any person other than a party, an attorney of record for that party, or any member of the staff of that attorney's office, except under the following conditions:

a. Disclosure may be made only if necessary to the preparation, evaluation or presentation of a party's claims or defenses in this Action, to those individuals described in subparagraphs (b) below.

b. Disclosure before trial may be made only to an expert who has been retained or specially employed by the Receiving Party with respect to this Action; to a witness in preparation for testimony at a deposition or trial; to a witness, court reporter/stenographer and/or videographer at deposition or trial; or to the Court.

c. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), the Receiving Party's attorney shall provide each such person with a copy of this Confidentiality Stipulation and Protective Order for review, and such person shall consent in writing, using the form annexed hereto as Exhibit A, not to use the Confidential Material for any purpose other than in connection with the preparation, evaluation or presentation of this Action and not to further disclose the Confidential Material except in testimony taken in this Action. The attorneys for the Receiving Party making such disclosure shall retain the signed consent form and furnish a copy to the Producing Party's attorney upon request, although the name of an expert that the Receiving Party does not intend to call as a trial witness may be redacted from such consent form before it is produced.

12. The disclosure of documents or information without designating it as Confidential Material shall not constitute a waiver of the right to do so post-production. The Producing Party reserves the right to designate any document confidential pursuant to this Confidentiality Stipulation and Protective Order if necessary after production of such documents. If so designated, the document or information shall thenceforth be treated as Confidential Material subject to all the terms of this Confidentiality Stipulation and Protective Order. Individuals who reviewed the non-designated material prior to notice of their new confidential designation shall abide by the provision of this Confidentiality Stipulation and Protective Order with respect to all future use and disclosure of said material.

13. Inadvertent, unintentional production of any document or information which is privileged, confidential, was prepared in anticipation of litigation, or that is subject to *in camera* review by the Court, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document, or its subject matter, or the information contained therein, or of the Producing Party's right to object to the use of any such document or the information contained therein during any proceeding in this Action or otherwise. The Receiving Party shall immediately return or destroy such documents and information, shall provide a certification of counsel that all inadvertently disclosed material has been returned or destroyed, including any copies, and shall not use such material for any purpose.

14. If Confidential Material is used at a deposition, the Producing Party or its counsel may designate those deposition exhibits and/or portions of deposition transcripts as Confidential either by: (a) indicating on the record during the deposition that a question relates to Confidential Material, and can request that the court reporter/stenographer bind the

designated testimony as a separate transcript and with a cover page prominently marked "Confidential Information Governed by Confidentiality Stipulation and Protective Order;" or (b) notifying the court reporter/stenographer and all attorneys of record, in writing, within 30 days after a deposition transcript has been received, of the specific pages and lines of the transcript that are to be designated Confidential Material, in which event the parties receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or the party's counsel. Any portions of a transcript designated confidential shall thereafter be treated as confidential in accordance with this Confidentiality Stipulation and Protective Order.

15. If any paper which incorporates any Confidential Material or reveals the contents thereof is filed in this Court, the Party incorporating such Confidential Materials shall petition for those portions of the papers to be filed under seal, in accordance with the rules of the district court in which the Action is filed and/or the Individual Rules of the judge to whom the papers are directed.

16. If any paper which incorporates any Confidential Material or reveals the contents thereof is filed in this Court, and the parties agree in writing that the redaction of personal, confidential and/or identifying information would be sufficient to protect the interests of parties or non-parties, a party may file redacted documents without further order of the Court.

17. In addition, where reasonable advance notice is given by a party and the parties agree in writing to the use of the confidential information in support of a motion for summary judgment or any other dispositive motion or at a trial on the merits in this matter, such information will not be subject to the instant protective order. In the event that the

Confidential Materials may be disclosed at a hearing or at trial, the Court may impose appropriate safeguards for the presentation of such Confidential Materials. The parties agree to meet and confer in good faith regarding the redaction of any Confidential Material they may seek to enter into evidence at a court hearing or trial.

18. If a Receiving Party objects to the designation of any particular document or information as Confidential Material, they shall state such objection in writing to counsel for the Producing Party, and counsel shall endeavor to meet and confer in good faith to attempt to resolve such objection. If the objection cannot be resolved among the parties, the Receiving Party shall write to the Court within 30 days of the conclusion of the meet and confer, may request that the Court remove the designation. Any such documents or information shall be treated as Confidential Material until the parties resolve the objection or there is a resolution of the designation by the Court.

19. No materials shall be filed under seal unless the Court has issued an order approving the filing, in which event the filing shall follow the District Court rules applicable to filing under seal.

20. This Confidentiality Stipulation and Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Material is produced or disclosed. All documents or information that have been designated Confidential Material pursuant to this Confidentiality Stipulation and Protective Order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the Action has been resolved, including all appeals, the Confidential Material, including all conforming or non-conforming copies thereof, shall not be used by the Receiving

Party, or anyone receiving confidential documents pursuant to paragraph 11 subsection (b) herein, for any purpose.

21. Within 60 days after the termination of this Action, including any appeals, the Confidential Material, including all copies (other than the Court's copies of such material), shall be returned to the Producing Party's attorneys or, upon the Producing Party's attorneys' consent, destroyed; except that the Receiving Party's attorney shall retain one copy of the Confidential Material, and any Confidential Material containing the Receiving Party's attorney's work product (including but not limited to, notes, and other materials containing or referring to the contents of Confidential Material), to the extent required to comply with applicable law or regulation, so long as appropriate and reasonable safeguards (at least as stringent as those used to protect the Receiving Party's own information of similar nature) are imposed to prevent the use of the Confidential Material for any other purpose. Confidential Material which were uploaded to a database or review platform, including any backups, and which cannot reasonably be deleted, must be quarantined and secured to prohibit access to the Confidential Material and shall also be safe guarded by the Receiving Party's attorney in the same manner as described in this paragraph.

22. This Confidentiality Stipulation and Protective Order shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

23. The Court will retain jurisdiction over all persons subject to this Confidentiality Stipulation and Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

24. The terms of this Confidentiality Stipulation and Protective Order shall be binding upon all current and future parties to this Action and their attorney(s).

25. This Confidentiality Stipulation and Protective Order may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Confidentiality Stipulation and Protective Order, which shall be binding upon and effective as to all Parties.  The facsimile, scanned or signed pursuant to Rule 5 of the signatories shall be deemed the "original" for the purpose of signing this Confidentiality Stipulation and Protective Order.

26. Nothing in this Confidentiality Stipulation and Protective Order shall be construed to limit defendants' use of the Confidential Material for any other purpose.

Dated: New York, New York

       November 6, 2024

KOPKE CHRISTIANA & RASTETTER LLP
*Attorneys for Plaintiff*
199 Cook Street, Ste. 308
Brooklyn, New York 11206
917-451-9525

By: /s/Clyde Rastetter
    Clyde Rastetter

MURIEL GOODE-TRUFANT
Acting Corporation Counsel of the City of New York
*Attorney for Defendants*
100 Church Street, 3rd Floor
New York, New York 10007

By: _____
Randy Nandlall
*Assistant Corporation Counsel*


SO ORDERED.

Dated: November 12, 2024
       New York, New York

_____
ANALISA TORRES
United States District Judge